IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 MAR -5 AM II: 51

TX EASTERN-MARSHALL

BY_____

ORION IP, LLC,
    a Texas Limited Liability Company,
        Plaintiff,

v.

1. COSTCO WHOLESALE
    CORPORATION,
2. SHARP ELECTRONICS
    CORPORATION,
3. THE GOODYEAR TIRE & RUBBER
    COMPANY,
4. BOSE CORPORATION,
5. BROTHER INTERNATIONAL
    CORPORATION,
6. CIRCUIT CITY STORES, INC.,
7. KONICA MINOLTA BUSINESS
    SOLUTIONS U.S.A., INC.,
8. KONICA MINOLTA SENSING
    AMERICAS, INC.,
9. NINTENDO OF AMERICA, INC.,
10. OLYMPUS AMERICA, INC.,
11. OLYMPUS NDT, INC.,
12. SANYO NORTH AMERICAN
    CORPORATION,
13. SANYO FISHER COMPANY,
14. RADIOSHACK CORPORATION,
15. VERIZON COMMUNICATIONS, INC.,
    and
16. VERIZON WIRELESS, INC.,

        Defendants.

Civil Action No. __6 - 0 7 C V - 1 0 6 LED__

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action for patent infringement in which Orion IP, LLC makes the following

allegations against Costco Wholesale Corporation, Sharp Electronics Corporation, The Goodyear

Tire & Rubber Company, Bose Corporation, Brother International Corporation, Circuit City

Stores, Inc., Konica Minolta Business Solutions U.S.A., Inc., Konica Minolta Sensing Americas, Inc., Nintendo of America, Inc., Olympus America, Inc., Olympus NDT, Inc., Sanyo North American Corporation, Sanyo Fisher Company, RadioShack Corporation, Verizon Communications, Inc., and Verizon Wireless, Inc. (collectively the "Defendants").

## PARTIES

1.    Plaintiff Orion IP, LLC ("Orion") is a Texas limited liability company with its principal place of business at 207 C North Washington Avenue, Marshall, Texas 75670.

2.    On information and belief, Defendant Costco Wholesale Corporation ("Costco") is a Washington corporation with its corporate headquarters and principal place of business at 999 Lake Drive, Issaquah, Washington 98027. Costco is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

3.    On information and belief, Defendant Sharp Electronics Corporation ("Sharp Electronics") is a New York corporation with its corporate headquarters and principal place of business at 1 Sharp Plaza, Mahwah, New Jersey 07430-2135. Sharp Electronics is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

4.    On information and belief, Defendant The Goodyear Tire & Rubber Company ("Goodyear") is an Ohio corporation with its corporate headquarters and principal place of business at 1144 East Market Street, Akron, Ohio 44316-0001. Goodyear is qualified to do business in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

2

5.     On information and belief, Defendant Bose Corporation ("Bose") is a Delaware corporation with its corporate headquarters and principal place of business at The Mountain, Framingham, Massachusetts 01701-9168. Bose is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

6.     On information and belief, Defendant Brother International Corporation ("Brother") is a Delaware corporation with its corporate headquarters and principal place of business at 100 Somerset Corporate Blvd, Bridgewater, New Jersey 08807-0911. Brother is qualified to do business in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

7.     On information and belief, Defendant Circuit City Stores, Inc. ("Circuit City") is a Virginia corporation with its corporate headquarters and principal place of business at 9950 Mayland Drive, Richmond, Virginia 23233. Circuit City is qualified to do business in the State of Texas, and has appointed Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

8      On information and belief, Defendant Konica Minolta Business Solutions U.S.A., Inc. ("KMBS") is a New York corporation with its corporate headquarters and principal place of business at 101 Williams Drive, Ramsey, New Jersey 07446-1217. KMBS is qualified to do business in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

9.     On information and belief, Defendant Konica Minolta Sensing Americas, Inc. ("KMSA") is a New Jersey corporation with its corporate headquarters and principal place of business at 101 Williams Drive, Ramsey, New Jersey 07446. KMSA is qualified to do business

3

in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

10.     On information and belief, Defendant Nintendo of America, Inc. ("Nintendo") is a Washington corporation with its U.S. corporate headquarters and principal place of business at 4820 150th Avenue, N.E., Redmond, Washington 98052. Nintendo is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

11.     On information and belief, Defendant Olympus America, Inc. ("Olympus") is a New York corporation with its U.S. corporate headquarters and principal place of business at 3500 Corporate Parkway, Center Valley, Pennsylvania 18034-8229. Olympus is qualified to do business in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

12.     On information and belief, Defendant Olympus NDT, Inc. ("Olympus NDT") is a Connecticut corporation with its corporate headquarters and principal place of business at 91 Prestige Park Circle, East Hartford, Connecticut 06108.   Olympus NDT is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

13.     On information and belief, Defendant Sanyo North American Corporation ("Sanyo") is a Delaware corporation with its U.S. corporate headquarters and principal place of business at 2055 Sanyo Avenue, San Diego, California 92154-6229. Sanyo is qualified to do business in the State of Texas, and has appointed Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process

14.    On information and belief, Defendant Sanyo Fisher Company ("Sanyo Fisher") is a Delaware corporation with its U.S. corporate headquarters and principal place of business at 21605 Plummer Street, Chatsworth, California 91311-4131. Sanyo Fisher has appointed Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

15.    On information and belief, Defendant RadioShack Corporation ("RadioShack") is a Delaware corporation with its corporate headquarters and principal place of business at 100 Throckmorton Street, Suite 1700, Fort Worth, Texas 76102. RadioShack is qualified to do business in the State of Texas, and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701, as its agent for service of process.

16.    On information and belief, Defendant Verizon Communications, Inc. ("Verizon") is a Delaware corporation with its corporate headquarters and principal place of business at 140 West Street, New York, New York 10007. Verizon is qualified to do business in the State of Texas, and has appointed CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201, as its agent for service of process.

17.    On information and belief, Defendant Verizon Wireless, Inc. ("Verizon Wireless") is a Delaware corporation with its corporate headquarters and principal place of business at 295 North Maple Avenue, Basking Ridge, New Jersey 07920. Verizon Wireless has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

18.    This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19    Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has a regular and established place of business in this district, has transacted business in this district, and/or has committed and/or induced acts of patent infringement in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,615,342

20.    Orion is the owner by assignment of United States Patent No. 5,615,342 ("the '342 Patent") entitled "Electronic Proposal Preparation System." The '342 Patent issued on March 25, 1997. A true and correct copy of the '342 Patent is attached as Exhibit A.

21.    The '342 Patent was the subject of a previous Markman ruling issued by the United States District Court for the Eastern District of Texas. A copy of that Order is attached as Exhibit B.

22.    Jerome D. Johnson is listed as the inventor on the '342 Patent.

23.    On information and belief, Defendant Costco has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.costco.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '342 Patent to the injury of Orion. Defendant Costco is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

24. On information and belief, Defendant Sharp Electronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sharpusa.com and www.sharp-cart.com/ecom/accessories), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Sharp Electronics is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

25. On information and belief, Defendant Goodyear has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.goodyear.com and www.goodyeartires.com) making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Goodyear is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

26. On information and belief, Defendant Bose has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not

limited to, www bose com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Bose is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

27    On information and belief, Defendant Brother has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www brother-usa com and www brothermall com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Brother is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

28.    On information and belief, Defendant Circuit City has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www circuitcity com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Circuit City is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

29    On information and belief, Defendant KMBS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www.konicaminolta.us, http://konicaminolta.us/shop.html, and www.kmbs.konicaminolta.us), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant KMBS is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

30    On information and belief, Defendant KMSA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, http://se.konicaminolta.us), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant KMSA is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

31.    On information and belief, Defendant Nintendo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.nintendo.com and http://store.nintendo.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Nintendo is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

32.   On information and belief, Defendant Olympus has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.olympusamerica.com, www.olympusndt.com and http://store.olympusndt.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion.  Defendant Olympus is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

33.   On information and belief, Defendant Olympus NDT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.olympusamerica.com, www.olympusndt.com and http://store.olympusndt.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion.  Defendant Olympus NDT is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

34.   On information and belief, Defendant Sanyo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sanyo.com and http://store.sanyousa.com), making and using supply chain

methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Sanyo is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

35. On information and belief, Defendant Sanyo Fisher has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sanyo.com, www.shopfisherav.com, www.fisherav.com, and http://store.fisherav.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Sanyo is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

36. On information and belief, Defendant RadioShack has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.radioshack.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant RadioShack is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

37. On information and belief, Defendant Verizon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www.verizon.com and www.verizonwireless.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Verizon is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

38. On information and belief, Defendant Verizon Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.verizonwireless.com and www.verizonwireless.com/b2c/index.html), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant Verizon Wireless is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271

39. On information and belief, at least after the filing of the present Complaint, Defendants have actively induced and are actively inducing infringement of the '342 Patent and are liable for contributory infringement of the '342 Patent

40 On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '342 Patent complied with such requirements.

41. On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '342 Patent.

42.    As a result of these Defendants' infringement of the '342 Patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

43    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '342 Patent, Orion will be greatly and irreparably harmed.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,367,627

44.    Orion is the owner by assignment of United States Patent No. 5,367,627 ("the '627 Patent") entitled "Computer-Assisted Parts Sales Method." The '627 Patent issued on November 22, 1994. A true and correct copy of the '627 Patent is attached as Exhibit C.

45    The '627 Patent was the subject of a previous Markman ruling issued by the United States District Court for the Eastern District of Texas. A copy of that Order is attached as Exhibit B.

46.    Jerome D. Johnson is listed as the inventor on the '627 Patent.

47.    On information and belief, Defendant Costco has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.costco.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Costco is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

48.    On information and belief, Defendant Sharp Electronics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sharpusa.com and www.sharp-cart.com/ecom/accessories), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Sharp Electronics is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

49.    On information and belief, Defendant Goodyear has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.goodyear.com and www.goodyeartires.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Goodyear is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

50.    On information and belief, Defendant Bose has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.bose.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '627 Patent to the injury of Orion. Defendant Bose is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

51.     On information and belief, Defendant Brother has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.brother-usa.com and www.brothermall.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Brother is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

52.     On information and belief, Defendant Circuit City has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.circuitcity.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Circuit City is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

53.     On information and belief, Defendant KMBS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited         to,         www.konicaminolta.us,         http://konicaminolta.us/shop.html,         and

www.kmbs.konicaminolta.us), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant KMBS is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

54.    On information and belief, Defendant KMSA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '342 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, http://se.konicaminolta.us), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '342 Patent to the injury of Orion. Defendant KMSA is thus liable for infringement of the '342 Patent pursuant to 35 U.S.C. § 271.

55.    On information and belief, Defendant Nintendo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.nintendo.com and http://store.nintendo.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Nintendo is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

56.    On information and belief, Defendant Olympus has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by, among other things, methods practiced on various websites (including, but not limited to, www.olympusamerica.com and https://emporium.olympus.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Olympus is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

57.    On information and belief, Defendant Olympus NDT has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.olympusndt.com and http://store.olympusndt.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Olympus NDT is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

58    On information and belief, Defendant Sanyo has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sanyo.com and http://store.sanyousa.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Sanyo is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

59.    On information and belief, Defendant Sanyo Fisher has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.sanyo.com, www.shopfisherav.com, www.fisherav.com, and http://store.fisherav.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Sanyo is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

60.    On information and belief, Defendant RadioShack has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.radioshack.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant RadioShack is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

61.    On information and belief, Defendant Verizon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.verizon.com), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more

claims of the '627 Patent to the injury of Orion. Defendant Verizon is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

62. On information and belief, Defendant Verizon Wireless has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '627 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, methods practiced on various websites (including, but not limited to, www.verizonwireless.com and www.verizonwireless.com/b2c/index.html), making and using supply chain methods, sales methods, sales systems, marketing methods, marketing systems, and inventory systems covered by one or more claims of the '627 Patent to the injury of Orion. Defendant Verizon Wireless is thus liable for infringement of the '627 Patent pursuant to 35 U.S.C. § 271.

63. On information and belief, at least after the filing of the present Complaint, Defendants have actively induced and are actively inducing infringement of the '627 Patent and are liable for contributory infringement of the '627 Patent.

64. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '627 Patent complied with such requirements.

65. On information and belief, at least after the filing of the present Complaint, the Defendants have infringed and continue to willfully infringe the '627 Patent

66. As a result of these Defendants' infringement of the '627 Patent, Orion has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

67.    Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '627 Patent, Orion will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Orion respectfully requests that this Court enter:

1.    A judgment in favor of Orion that Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '342 Patent, and that such infringement was willful;

2.    A permanent injunction enjoining Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '342 Patent;

3.    A judgment and order requiring Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '342 Patent as provided under 35 U.S.C. § 284;

4.    A judgment in favor of Orion that Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless have infringed, directly and indirectly, by way of inducing and/or contributing to the infringement of the '627 Patent, and that such infringement was willful;

5.    A permanent injunction enjoining Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringement, inducing the infringement of, or contributing to the infringement of the '627 Patent;

6    A judgment and order requiring Defendants Costco, Sharp Electronics, Goodyear, Bose, Brother, Circuit City, KMBS, KMSA, Nintendo, Olympus, Olympus NDT, Sanyo, Sanyo Fisher, RadioShack, Verizon, and Verizon Wireless to pay Orion its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '627 Patent as provided under 35 U.S.C. § 284;

7.    An award to Orion for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

8.    A judgment and order disgorging Defendants of all profits unjustly earned because of its conversion in an amount to be determined by the trier of fact and to be increased as provided by applicable law due to Defendants knowing, deliberate, and willful violation of the law;

9.    An award to Orion of restitution of the benefits Defendants have gained through their unfair, deceptive, or illegal acts;

10    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Orion its reasonable attorneys' fees; and

11.    Any and all other relief to which Orion may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully submitted,

**ORION IP, LLC**

By: _J. Mike Amerson_

    Danny L. Williams
    LEAD ATTORNEY
      State Bar No. 21518050
    J. Mike Amerson
      State Bar No. 01150025
    **Williams, Morgan & Amerson, P.C.**
    10333 Richmond, Suite 1100
    Houston, Texas 77042
    Telephone: (713) 934-4060
    Facsimile: (713) 934-7011
    E-mail: danny@wmalaw.com
    E-mail: mike@wmalaw.com

    T. John Ward, Jr.
    State Bar No. 00794818
    Law Office of T. John Ward, Jr., P.C.
    P.O. Box 1231
    Longview, Texas 75606-1231
    (903) 757-6400 (telephone)
    (903) 757-2323 (facsimile)
    E-mail: jw@jwfirm.com

    David M. Pridham
    **Intellectual Property Navigation Group, LLC**
    R.I. State Bar No. 6625
    207 C North Washington Avenue
    Marshall, Texas 75670
    Telephone: (903) 938-7400
    Facsimile: (903) 938-7404
    E-mail: david@ipnav.com

    **ATTORNEYS FOR PLAINTIFF
    ORION IP, LLC**

Dated: March 5, 2007