IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ORION IP, LLC** | § | |
| | § | |
|    **Plaintiff** | § | |
| | § | |
| vs. | § | CASE NO. 607 CV 106 |
| | § | PATENT CASE |
| **COSTCO WHOLESALE CORPORATION,** | § | |
| **SHARP ELECTRONICS CORPORATION,** | § | |
| **THE GOODYEAR TIRE AND RUBBER** | § | |
| **COMPANY, BOSE CORPORATION, and** | § | |
| **CIRCUIT CITY STORES, INC.** | § | |
| | § | |
|    **Defendants** | § | |

**NOTICE OF SCHEDULING CONFERENCE, PROPOSED DISCOVERY ORDER,
AND PROPOSED DATES FOR DOCKET CONTROL ORDER**

     The Court, *sua sponte*, issues this Notice of Scheduling Conference, Proposed Dates for Docket Control Order and Proposed Discovery Order.

**NOTICE OF SCHEDULING CONFERENCE**

     Pursuant to Fed. R. Civ. P. 16 and Local Rule CV-16, the Scheduling Conference in this case is set for September 4, 2007 at 3:00 p.m. at the United States Courthouse, 211 West Ferguson, 3rd Floor, Judge Leonard Davis's Court, Tyler, Texas. The parties are directed to meet and confer in accordance with Fed. R. Civ. P. 26(f) and P.R. § 2-1 no later than fourteen (14) days before the conference. The parties are excused from the requirement of filing a written proposed discovery plan in this case.

     **Stipulation of the Parties with Notice of Agreement - No Court Appearance Required – IF THE PARTIES FILE AN AGREEMENT NOTICE WITH THE COURT SEVEN (7) DAYS BEFORE THE CONFERENCE DATE.**

     The Court does not require the parties to attend the Scheduling Conference if the parties agree to the following and file a Notice of Agreement containing this information at least seven days before the conference date. **IF THE PARTIES <u>FAIL</u> TO FILE AN AGREEMENT NOTICE WITH THE COURT SEVEN (7) DAYS BEFORE THE CONFERENCE DATE, THE PARTIES <u>MUST</u> ATTEND THE SCHEDULING CONFERENCE ON THE DATE SET FORTH ABOVE.** Upon receipt of the Notice of Agreement, the Court will issue a Docket Control Order, Discovery Order, and Mediation Order without the necessity of the parties' appearance. The Notice of Agreement is to contain the following information:

    a.    The guidelines contained in the Discovery Order as outlined in Appendix A;
    b.    The proposed dates for the Docket Control Order as outlined in Appendix B;
    c.    A mediator (name, address and phone number);
    d.    Deadline by which to complete mediation; and
    e.    Length of trial.

## PROPOSED DISCOVERY ORDER

If the parties do <u>not</u> file a Notice of Agreement with the Court **seven days** before the Scheduling Conference date, the proposed Discovery Order set forth in the attached Appendix A will be discussed at the conference. The parties should also be prepared to discuss whether the Court should authorize the filing under seal of any documents containing confidential information.

## PROPOSED DATES FOR DOCKET CONTROL ORDER

If the parties do <u>not</u> file a **Notice of Agreement** with the Court **seven days** before the Scheduling Conference date, the proposed dates for the Docket Control Order set forth in the attached Appendix B will be discussed at the conference.

In Appendix B, the Court has set the dates for the *Markman* hearing, dispositive motion deadline, pretrial conference, jury selection, and trial. Prior to the Scheduling Conference, the parties are to confer as to all interim dates. The parties are to then fill in the remaining dates of the Docket Control Order according to the descriptions given in the form. The parties may modify these dates, but only to the extent the modifications do not affect the *Markman* hearing, dispositive motion, or trial dates. **The parties are to file their Joint Proposed Docket Control Order with the Court no fewer than three (3) business days before the Scheduling Conference**. The parties' Joint Proposed Docket Control Order will be discussed at the Scheduling Conference.

**So ORDERED and SIGNED this 7th day of August, 2007.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

# APPENDIX A

## PROPOSED DISCOVERY ORDER

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1. **Disclosures.** Within thirty (30) days after the Scheduling Conference, and without awaiting a discovery request, each party shall disclose to every other party the following information:

   A. the correct names of the parties to the lawsuit;
   B. the name, address, and telephone number of any potential parties;
   C. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
   D. the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
   E. any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
   F. any settlement agreements relevant to the subject matter of this action;
   G. any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

   A. the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;
   B. to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], within forty-five (45) days after the Scheduling Conference and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action. By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and
   C. within forty-five (45) days after the Scheduling Conference a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

---

[1] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

    A.    the expert's name, address, and telephone number;
    B.    the subject matter on which the expert will testify;
    C.    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;
    D.    if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

        (1)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
        (2)    the expert's current resume and bibliography.

4.    **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with 60 interrogatories, 60 requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, depositions of two expert witnesses per side or the parties may agree on a number of hours of depositions. "Side" means a party or a group of parties with a common interest.

5.    **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6.    **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

       By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Protective Orders.** A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may propose the issuance of or move to modify the terms of the Protective Order for good cause.

12. **Rules of Practice.** The Court's rules of practice for patent cases are on the Court's website at www.txed.uscourts.gov.

13. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **E-Filing.** Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerks office nor the Court will maintain a paper file except as provided in the local rules.

When filing electronically, the Court prefers:

    (i)    that documents be published to PDF and then filed with the Court rather than filing scanned documents;

    (ii)    proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;

    (iii)    proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp and

    (iv)    proposed orders should NOT contain the word "Proposed" in the title of the document.

16. **Courtesy Paper Copies.**  In cases pending before this Court, the parties are exempt from complying with Local Rule CV-5 which requires that paper copies be provided to the presiding judge's chambers if a document exceeds five pages in length. Paper copies will not be accepted by this Court unless specifically requested or as provided below.

17. **Hearing Notebooks.**  Within ten days following the filing of responses to dispositive or Daubert motions, the movant is to provide the Court with an original and one copy of a hearing notebook containing the motion, any response, any reply and any surreply with the corresponding docket numbers on each and all pleadings and exhibits appropriately tabbed.

18. **Wireless Internet Access.**  Wireless internet access is now available in the Tyler Courthouse. To access the wireless network, users will need a login ID and password, which are changed weekly. The current login ID and password will be available at the security desk in the lobby, through Chambers, or through the Clerk's office.

19. **Requests for Production.**  Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

20. **Sealed Documents.**  In cases pending before this Court, the parties are notified that, unless a motion requesting otherwise is received from one or both of the parties within ten (10) days from the date of this notice, the Court will issue an order directing the Clerk's office to docket the "title" of all sealed documents (this does not include the substance of the document) on the Court's case management system.

# APPENDIX B

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| | |
|---|---|
| **October 12, 2009**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| *Day of Trial* | EXHIBITS & EXHIBIT LISTS:  Each party is requested to provide the Court with one original set of exhibits and three copies of the exhibit <u>list</u>. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Judges' Orders & Information."<br><br>The original exhibits that are agreed upon by the parties, should be ready to be tendered to the Clerk of the Court at the beginning of trial.  Other exhibits that are admitted during trial should be tendered to the Clerk of the Court immediately after admission.<br><br>The parties are further requested to have all exhibits labeled with the following information on each label: Designation of Plaintiff's or Defendant's Exhibit Number and Case Number.  For example:<br><br>**Plaintiff's Exhibit**<br>Exhibit No. _____<br>Case No. _____<br><br>**Defendant's Exhibit**<br>Exhibit No. _____<br>Case No. _____ |
| **October 5, 2009**<br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |

| | |
|---|---|
| **September 24, 2009**<br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.<br>All pending motions will be heard. |
| *2 days before pretrial* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| *3 days before pretrial* | Motions in Limine due. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| *3 days before pretrial* | Pending Motions. Remaining pending motions will be heard at the Pretrial Conference. Pending Motions notebooks due. The moving party is to provide the Court with two tabbed notebooks. One notebook is to include Pending Motions, responses, replies and sur-replies. The second notebook is to include Motions in Limine with responses, replies and sur-replies. When preparing the notebooks, the first tab should be the abbreviated name of motion, i.e., "XXX Co. Sum Judg" or "Strike Testimony-Smith". Second tab: "Response". Third tab: "Reply". Last tab, "Sur-Reply". Voluminous exhibits should be placed in a separate tabbed notebook. No indexes please. |
| *5 days before pretrial* | Pretrial Objections due. |
| *20 days before pretrial* | Objections to Rebuttal Deposition Testimony due. |
| *25 days before pretrial* | Rebuttal Designations and Objections to Deposition Testimony due. Cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| *35 days before pretrial* | Pretrial Disclosures due.<br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| *55 days before pretrial* | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for bench trials.<br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Shea Sloan, at shea_sloan@txed.uscourts.gov. |
| *At least 15 days after dispositive motion date below* | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-7(e). |

| **May 29, 2009**<br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions)**; Motions for Summary Judgment shall comply with Local Rule CV-56. |
|---|---|
| *3 days before Dispositive Motions* | Parties to Identify Rebuttal Trial Witnesses. |
| *14 days before Dispositive Motions* | Parties to Identify Trial Witnesses; Amend Pleadings (after Markman Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| *28 days before Dispositive Motions* | **Discovery Deadline.** |
| *58 days before Dispositive Motions* | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information. |
| *68 days before Dispositive Motions* | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information. |
| *98 days before Dispositive Motions* | Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |
| **January 29, 2009** | *Markman* Hearing at 9:30 a.m. at the United States District Court, 211 West Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas. |
| *10 days before Markman Hearing* | Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d). |
| *14 days before Markman Hearing* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. The moving party is to provide the Court with 2 binders containing their reply brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
| *21 days before Markman Hearing* | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. The moving party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |

9

| *35 days before Markman Hearing* | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. The moving party is to provide the Court with 2 binders containing their *Markman* brief and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |
|---|---|
| *42 days before Markman Hearing* | Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| *49 days before Markman Hearing* | **Discovery Deadline - Claim Construction Issues.** |
| *63 days before Markman Hearing* | Respond to Amended Pleadings. |
| *70 days before Markman Hearing* | Parties to provide name, address, phone number, and curriculum vitae for three (3) agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. |
| *77 days before Markman Hearing* | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-7 irrespective of whether the amendment is made prior to this deadline. |
| *80 days before Markman Hearing* | **Comply with P.R. 4-3 - Filing of Joint Claim Construction and Prehearing Statement.** |
| *110 days before Markman Hearing* | Comply with P.R. 4-2 - Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| *65 days from Sched Conference* | Comply with P.R. 4-1 - Exchange Proposed Terms and Claim Elements for Construction. |
| *55 days from Sched Conference* | Comply with P.R. 3-3 - Invalidity Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.<br>Add any inequitable conduct allegations to pleadings. It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date. Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |

| | |
|---|---|
| *10 days from Sched Conf* | Comply with P.R. 3-1 and P.R. 3-2 - Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6. Join Additional Parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties. Add new patents and/or claims for patents-in-suit.  It is not necessary to file a motion to add additional patents or claims prior to this date.  Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| | Mediation.  The Court refers most cases to mediation.  The parties should discuss proposed mediators and timing of mediation prior to the Scheduling Conference and be prepared with a recommendation for the Court. |
| *Deadline Date* | **Mediation to be completed.  (Name), (address), and (phone number)** is appointed as mediator in this cause.  The mediator shall be deemed to have agreed to the terms of Court Ordered Mediation Plan of the United States District Court of the Eastern District of Texas by going forth with the mediation in accordance with this order.  General Order 99-2. |
| *No. of trial days* | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition."  Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Eastern District of Texas Local Rule CV-7(h).

(c) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (i) The fact that there are motions for summary judgment or motions to dismiss pending;

    (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.